————o————

No. 4230.

(Court of Appeal, Parish of Orleans.)

## ROSA BALLAY, WIFE OF JOSEPH CATALANOTTA vs. COLUMBIA BREWING CO.

1. Under the provisions of Art. 2686 R. C. C., where no time for the duration of the lease of urban property has been agreed on, either party is at liberty to put an end to it by giving notice in writing to the other, at least fifteen days before the expiration of the month which has begun to run.

Appeal from Civil District Court, Division "C."

Lazarus, Michel & Lazarus, for Plaintiff and Appellant.

Fenner, Henderson & Fenner, for Defendant and Appellee.

DUFOUR, J. This is a suit to maintain an alleged lease of certain real estate, coupled with an injunction against defendant's interfering with plaintiff's possession of the same. The circumstances leading to the controversy are as follows:

One Leban leased the property to the defendant for twelve months, commencing November 1st, 1905, and ending October 30th, 1906, at the rate of $30 per month, with the privilege of renewal for one year; the defendant sub-leased to one Lang by the month, the property to be used for a bar-room. Hearing that Lang desired to sell his business, Catalanatto, acting for his wife, began negotiations with Lang for the purchase, and called on Schlosser, the President of the Brewing Co. According to Catalanetta's version, Schlosser told him that "he would give me (him) a lease, if his lease would be longer, although he could not give me (him) a written lease. He told me to buy the place and as long as they would have control of the place, I would not be molested, and as long as I got the beer from them." Schlosser says that, when Catalanotta called on him, "I (he) told him that we did not make any written lease with any one on acount of the parties not keeping up their business and keeping disorderly houses, but when they did what was right we did not molest them, and that I could not make him a yearly lease because we did not know what would happen thereafter." He adds that the primary purpose in controlling the places which the company leases with the view of sub-leasing is to sell its beer, and that, for this reason, the policy of the brewing company is not to lease for any definite term, but by the month only. It was Schlosser's understanding that, if the company renewed the lease, after its expiration in October, and everything was satisfactory, Catalanatto could keep the place. In November, 1906, the defendant instead of renewing its lease, purchased the property from the owner, and shortly afterwards served on plaintiff a notice to vacate.

Hence, this suit.

Leaving out differences as to details, the testimony presents the undisputed fact that no definite term was fixed for the duration of the lease. In the case of Leonard vs. Klein, No. 3636 of our docket, in which the issues involved were similar to those now presented, we said: "It being thus ...... conclusively

shown that no time for the duration of the lease was agreed on either party was at liberty to put an end to it, by giving notice in writing to the other at least fifteen days before the expiration of the month," which has begun to run.   R. C. C. 2686.

To this view we adhere, and, in consequence, concur in the judgment dissolving the injunction.   But there was error in allowing defendant the rent for January, claimed in his reconventional demand, which is admitted to have been paid.

The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of said defendant. the Columbia Brewing Company, and, accordingly, the injunction herein sued out by plaintiff, Mrs. Rosa Balloy, wife of Joseph Catalanotta, is dissolved and her suit is dismissed at her cost.

It is further ordered that, on its reconventional demand, defendant have judgment against Mrs. Rosa Catalanotta, for the sum of sixty dollars, rent for the premises in controversy herein, for the month of February and March, 1907, and ordering her to forthwith vacate such premises, the costs of the lower Court to be paid by plaintiff and those of appeal by the defendant.

May 20th, 1907.

Rehearing refused June 21, 1907.

Writ denied by Supreme Court August 12, 1907.